NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

JUN 25 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CHRISTOPHER ADAM DOLLAR, | No.   19-16753 |
| Petitioner-Appellant, | D.C. No. 2:13-cv-01952-JCM-GWF |
| v. | |
| GREGORY SMITH; ATTORNEY GENERAL FOR THE STATE OF NEVADA, | MEMORANDUM[*] |
| Respondents-Appellees. | |

Appeal from the United States District Court
for the District of Nevada
James C. Mahan, District Judge, Presiding

Submitted June 21, 2021[**]

Before:    SILVERMAN, WATFORD, and BENNETT, Circuit Judges.

Christopher Adam Dollar appeals from the district court's judgment denying

his 28 U.S.C. § 2254 habeas petition.  We dismiss the appeal as moot.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

The sole issue raised in this appeal is whether Dollar's counsel was ineffective for failing to discover and present at sentencing mitigating evidence of Dollar's intellectual disabilities. Appellees contend, and Dollar concedes, that Dollar's appeal is moot because he has completed both his carceral term and his parole term. "Mootness is a jurisdictional issue, and federal courts have no jurisdiction to hear a case that is moot, that is, where no actual or live controversy exists." *Foster v. Carson*, 347 F.3d 742, 745 (9th Cir. 2003) (internal quotation marks omitted). Because Dollar does not challenge his underlying conviction, has served his custodial term and his parole term in full, and has not shown any other collateral consequence from his sentence, his appeal is moot. *See Spencer v. Kemna*, 523 U.S. 1, 14-18 (1998) (holding that petitioner's attack on parole revocation proceeding was moot after his release from custody and completion of parole); *Lane v. Williams*, 455 U.S. 624, 631 (1982) ("Since respondents elected only to attack their sentences, and since those sentences expired during the course of these proceedings, this case is moot.").

**DISMISSED**.